UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - Detroit

IN RE:

**Melinda Wynn Williams**

S.S.# **xxx-xx-1415**
    Debtor

and

S.S.#_____
    Joint-Debtor
      Debtor(s)
                      /

CASE NO. **17-45626**
CHAPTER 13
JUDGE

### PLAN SUMMARY

*For informational purposes only.*

ACP: **36** Months
Minimum Plan Length: **60** Months
Plan payment: $ **92.00** per **BI-WEEKLY**
Minimum dividend to Class 9 Creditors $ **0.00**
Percentage of Tax Refunds committed **100%**

### FIRST AMENDED CHAPTER 13 PLAN

[ ] Original      **OR**      [X] Pre-Confirmation Modification # **1**      [ ] Post-Confirmation Modification #

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.**

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

    A.      **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

         **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

    B.      This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):V.D.; V.P.; V.U.; V.X.; V.H.

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

    A.      [ ] Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

         [X] Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be **60** months from the date of entry of the Order Confirming Plan. **This is a minimum Plan length**. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See*

*Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

B. Debtor's plan payment amount is $**92.00** per **BI-WEEKLY**.

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☑ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

---

D. ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed **AND** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

   A. **Class One – TRUSTEE FEES** as determined by statute.

   B. **Class Two – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

   1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:
      a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **3,500.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **3,500.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **3,500.00**, will be paid as an Administrative Expense Claim; **or**
      b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $**3,500.00** for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of (name of person to be retained) as (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

   4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

   C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral |
|---|---|
| -NONE- | |

   D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

   1. **Continuing Payments that come due on and after the date of the Order for Relief** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| -NONE- | | | |

   2. **Pre-Petition Arrearages to be paid by Trustee:** Those amounts which were due as of the filing of the Order for Relief:

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):*

1. Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Credit Union One/2013 Dodge Dart | PER CONTRACT | 10,000.00 | PER CONTRACT | PER CONTRACT | 286.00 | Direct - CURRENT |
| Credit Union One/FUNDS ON DEPOSIT | PER CONTRACT | 507.00 | PER CONTRACT | PER CONTRACT | 25.00 | Direct - CURRENT |

2. Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| -NONE-/ | | | | | | |

F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** – Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. Continuing Lease/Contract Payments:

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| Hillside Forest Apartments | 30851 Crest Forest Farmington, MI 48331 | 1,090.00 | residential lease expiring 7/31/17 | DIRECT - CURRENT |

2. Pre-petition Arrearages on Assumed Executory Contracts and Leases *(to be paid by Trustee):*

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

3. Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. (See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):

| Creditor | Property |
|---|---|
| -NONE- | |

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

Chapter 13 Model Plan - version 3.0

4

### 2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| -NONE- | | | |

### 3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

**H. CLASS EIGHT -- SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee): (See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee): – See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

☑ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

### IV. OTHER PROVISIONS:

A. ☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of **0.00%** per annum as required by 11 USC ~1325(a)(4).

B. 1. The second sentence of Plan provision V.D. ("Upon entry of an Order Awarding Post- Confirmation Attorney Fees, if Debtor's Plan will not complete within 60 months of the date of the Order Confirming Plan, all unpaid Attorney fees and costs shall be paid by the Trustee only after a plan modification that allows Debtor's Plan to complete within 60 months from the date of the Order Confirming Plan is approved with notice as is appropriate to parties in interest") shall be stricken. Post-confirmation fees shall be paid in accordance with 11 USC 330, 11 USC 331, and any other applicable Code provisions.

2. The reference to "Co-Debtor" in Plan provision V.P. shall be stricken.

3. The second and third sentences of Plan provision V.U. ("After confirmation of this Plan, if the debtor fails to maintain insurance as required by law or contract, any party in interest may submit a notice of default, served on debtor, debtor's counsel and the Chapter 13 Trustee, permitting 10 days from service of the notice in which to cure the default. If the default is not cured within the time permitted, the party in interest may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with an affidavit attesting to the debtor's failure to cure, and the stay may thereafter be lifted without further motion, notice or hearing") shall be stricken.

4. The following language shall be stricken from Plan provision V.H.: "provided that if any creditor identified in Class 5.1 or Class 6.1 files a Proof of Claim that specifies a monthly payment amount at variance with the Equal Monthly Payment amount set forth in the Plan, the amount of the monthly payment specified in the Proof of Claim shall control and

Chapter 13 Model Plan - version 3.0

5

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

17-45626-mlo    Doc 19    Filed 05/17/17    Entered 05/17/17 16:20:57    Page 5 of 14

shall become the Equal Monthly Payment for that creditor." As such, The amount of the Equal Monthly Payment to any creditor shall be the amount stated in Class 5.1 or Class 6.1 as may be applicable.

5. Plan provision V.X. shall be modified as follows: "In the event of conversion of this case to Chapter 7, applicable deadlines shall be governed by Fed.R.Bankr.P. 1019."

/s/ William D. Johnson
**William D. Johnson P54823**
Attorney for Debtor
**8900 E. 13 Mile Rd.**
**Warren, MI 48093**
Street Address
**Warren, MI 48093-0000**
City, State and Zip Code
**filing@acclaimlegalservices.com**
E-Mail Address
**248-443-7033**
Phone Number

/s/ Melinda Wynn Williams
**Melinda Wynn Williams**
Debtor


Joint Debtor

**May 10, 2017**
Date

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| REAL ESTATE OTHER THAN PERSONAL RESIDENCE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| HHG/PERSONAL EFFECTS | 2,300.00 | 0.00 | 2,300.00 | 2,300.00 | 0.00 |
| JEWELRY | 50.00 | 0.00 | 50.00 | 50.00 | 0.00 |
| CASH/BANK ACCOUNTS | 906.00 | 0.00 | 716.00 | 716.00 | 0.00 |
| VEHICLES | 17,000.00 | 10,999.00 | 3,500.00 | 3,500.00 | 0.00 |
| OTHER (itemize) | | | | | |
| 401k: 401k | 33,000.00 | 0.00 | 33,000.00 | 33,000.00 | 0.00 |
| Rent: Security Deposit with landlord | 1,400.00 | 0.00 | 1,400.00 | 1,400.00 | 0.00 |
| child support: child support arrears | 56,000.00 | 0.00 | 56,000.00 | 56,000.00 | 0.00 |
| OTHER (total) | 90,400.00 | 0.00 | 90,400.00 | 90,400.00 | 0.00 |

Amount available upon liquidation $ 0.00

Less administrative expenses and costs $ 0.00

Less priority claims $ 0.00

Amount Available in Chapter 7 $ 0.00

# ATTACHMENT 2

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is **60** months

2. Initial Plan Payment:
   **$200.00** per month x **60** months = **$12,000.00** (subtotal)

3. Additional Payments: $ _____ per=

4. Lump Sums: $0.00

5. Total to be paid into Plan (total of lines 2 through 4)  $12,000.00

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees  $840.00

   b. Estimated Attorney Fees and costs through confirmation of plan  $3,500.00

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan  $2,500.00

   d. Estimated Fees of Other Professionals  $0.00

   e. Total mortgage and other continuing secured debt payments  $0.00

   f. Total non-continuing secured debt payments (including interest)  $0.00

   g. Total priority claims  $0.00

   h. Total arrearage claims  $0.00

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h)  $ 6,840.00

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7)  $ 5,160.00

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6)  $ 0.00

COMMENTS:

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: **MELINDA WYNN WILLIAMS**

Debtor.

Case Number: 17-45626 MLO
Chapter 13
Judge OXHOLM

WILLIAM D. JOHNSON (P54823)
ACCLAIM LEGAL SERVICES, P.L.L.C.
8900 E. 13 Mile Rd.
Warren, MI 48093
(248) 443-7033

_____/

## PROOF OF SERVICE

Documents Served: First Amended Plan

I hereby certify that on May 17, 2017, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification to such filing to the following:

Parties Served:
Chapter 13 Standing Trustee
Tammy Terry, Chapter 13 Standing Trustee
535 Griswold
Suite 2100
Detroit, MI 48226

Advance America
22538 Telegraph Road
Southfield MI 48033-0000

CBCS
PO Box 1022
Wixom MI 48393-0000

Celco
PO Box 932756
Cleveland OH 44193-0000

Credit Collection Services
PO Box 55126
Boston MA 02205-0000

Credit Union One
Attn: Administrative Svcs/Bankruptcy
400 E. 9 Mile Rd.
Ferndale, MI 482

DMC Huron Valley - Sinai Hospital
PO Box 830913
Birmingham AL 35283-0000

Elastic
4030 Smith Road
Cincinnati OH 45209-0000

First Credit Incorporated
PO Box 382072
Pittsburgh PA 15250-8072

Freshview
PO Box 172285
Denver CO 80217-0000

Genpact Services LLC
PO Box 1969
Southgate MI 48195-0000

Henry Ford Health System
Box 553920
Detroit MI 48255-3920

JP Recovery Services, Inc.
PO Box 16749
Rocky River OH 44116-0000

Lakes Urgent Care
2300 Haggerty Rd #1010
West Bloomfield MI 48323-0000

Medical Center Pediatrics
31600 Telegraph, Suite 100
Bingham Farms MI 48025-0000

Medical Financial Solutions
PO Box 773156
3156 Solutions Center
Chicago IL 60677-0000

Medical Resources Group
PO Box 67000 Dept 184101
Detroit MI 48267-1841

Michigan Diagnostic Pathologists
PO Box 1468
Troy MI 48099-0000


NPAS, Inc.
PO BOX 382072
Pittsburgh PA 15250-0000


Oakland Orthopaedic Surgeons
30575 Woodward, Ste 100
Royal Oak MI 48073-0000
Orchard Maple Family Dental
6280 Orchard Lake Rd.
West Bloomfield MI 48322-0000


Physician Billing
PO Box 251956
West Bloomfield MI 48323-0000


Rev-1 Solutions, LLC
517 US Highway 31N
Greenwood IN 46142-3932


Southfield Obstetrical Services
30400 Telegraph
Franklin MI 48025-0000


St. John Hospital and Medical Center
PO Box 772939
Chicago IL 60677-2939


WebBank
c/o Avant
222 N. LaSalle St., Ste 1700
Chicago IL 60601-0000


and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants **on the attached Creditor Matrix.**


/s/ Nicole M. Hollihan
**NICOLE M. HOLLIHAN**
Acclaim Legal Services, P.L.L.C.
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
filing@acclaimlegalservices.com

Label Matrix for local noticing
0645-2
Case 17-45626-mlo
Eastern District of Michigan
Detroit
Wed May 17 15:35:27 EDT 2017

(p)AMERICOLLECT INC
PO BOX 2080
MANITOWOC WI 54221-2080

Avant Credit, Inc
640 N La Salle St
Suite 535
Chicago, IL 60654-3731

Barclays Bank Delaware
100 S West St
Wilmington, DE 19801-5015

Cap1/dbarn
Capital One Retail Srvs/Attn: Bankruptcy
Po Box 30258
Salt Lake City, UT 84130-0258

Cap1/justice
Capital One Retail Srvs/Attn: Bankruptcy
Po Box 30258
Salt Lake City, UT 84130-0258

Capital One
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One
Po Box 30285
Salt Lake City, UT 84130-0285

Cardworks/CW Nexus
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804-9001

Comenity Bank/Ashley Stewart
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Lane Bryant
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Torrid
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/nwyrk&co
220 W Schrock Rd
Westerville, OH 43081-2873

Credit Collection Service
Po Box 773
Needham, MA 02494-0918

Credit One Bank Na
Po Box 98873
Las Vegas, NV 89193-8873

Credit Protection Assoc
Po Box 802068
Dallas, TX 75380-2068

Credit Union One
Attn:Administrative Svcs/Bankruptcy
400 E 9 Mile Rd
Ferndale, MI 48220-1774

Fingerhut
6250 Ridgewood Rd
St Cloud, MN 56303-0820

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Hillside Forest Apartments
30545 Crest Forest
Farmington, MI 48331-1043

Hsbc Bank Usa, Na
Po Box 2013
Buffalo, NY 14240-2013

NCB
Attn: Bankruptcy
One Allied Dr
Trevose, PA 19053-6945

Navient
Attn: Bankruptcy
Po Box 9500
Wilkes-Barr, PA 18773-9500

Navient Solutions, LLC. on behalf of
Michigan Finance Authority
PO BOX 30047
Lansing, MI 48909-7547

Nelnet
Nelnet Claims/Bankruptcy
Po Box 82505
Lincoln, NE 68501-2505

Nelnet Loans
Nelnet Claims
Po Box 82505
Lincoln, NE 68501-2505

Nelnet obo College Assist
College Assist
PO Box 16358
St. Paul, MN 55116-0358

Nordstrom Fsb
Correspondence
Po Box 6555
Englewood, CO 80155-6555

PNC Bank Credit Card
Po Box 5570
Mailstop BR- YB58-01-5
Cleveland, OH 44101-0570

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Russell Collection<br>G 3285 Van Slyke Rd<br>Flint, MI 48507 | Santander Consumer USA<br>Po Box 961275<br>Fort Worth, TX 76161-0275 |
| Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Synchrony Bank/ Old Navy<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 |
| Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Synchrony Bank/Care Credit<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Synchrony Bank/Mervyns<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 |
| Synchrony Bank/TJX<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Synchrony Bank/Walmart<br>Attn: Bankruptcy<br>Po Box 956060<br>Orlando, FL 32896-0001 | Target<br>C/O Financial & Retail Srvs<br>Mailstopn BT POB 9475<br>Minneapolis, MN 55440-9475 |
| US Dept of Education<br>Attn: Bankruptcy<br>Po Box 16448<br>Saint Paul, MN 55116-0448 | Us Dept Of Ed/Great Lakes Higher Educati<br>Attn: Bankruptcy<br>2401 International Lane<br>Madison, WI 53704-3121 | Visa Dept Store National Bank/Macy's<br>Po Box 8218<br>Mason, OH 45040-8218 |
| Wells Fargo Bank Card<br>Mac F82535-02f<br>Po Box 10438<br>Des Moines, IA 50306-0438 | Brian D. Rodriguez<br>8900 E. 13 Mile Road<br>Warren, MI 48093-2206 | Melinda Wynn Williams<br>30851 Crest Forest<br>Farmington, MI 48331-1085 |
| Tammy L. Terry<br>Buhl Building<br>535 Griswold<br>Suite 2100<br>Detroit, MI 48226-3681 | William D. Johnson<br>Acclaim Legal Services<br>8900 E. 13 Mile Rd.<br>Warren, MI 48093-2206 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Americollect Inc<br>Po Box 1566<br>1851 S Alverno Rd<br>Manitowoc, WI 54221 | Ford Motor Credit<br>National Bankruptcy Service Center<br>Po Box 62180<br>Colorado Springs, CO 80962 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Credit Union One

End of Label Matrix  
Mailable recipients 49  
Bypassed recipients 1  
Total 50